## Exhibit B

### Form of Sale Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re**<br><br>**KB US Holdings, Inc.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br>**Case No. 20-22962 (___)**<br>**(Jointly Administered)** |

### ORDER (I) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Sale Motion**")[2] [ECF No. _____] of the above captioned debtors and debtors in possession (the "**Debtors**"), pursuant to Bankruptcy Code sections 105(a), 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6003, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 6004-1 and 6006-1 of the Local Bankruptcy Rules for Southern District of New York (the "**Local Rules**"), for entry of an order (this "**Order**"): (a) approving the sale of certain assets, as set forth in the Purchase Agreement (the "**Assets**") free and clear of any Liens and all Excluded Liabilities (the "**Sale**") to TLI Bedrock LLC or its assignees or designees (collectively, the "**Buyer**"), (b) approving the assumption and assignment of certain executory contracts in connection with such Sale, and (c) granting certain related relief; all as more

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: KB US Holdings, Inc. (1000), KB Holding, Inc. (3082), AG Kings Holdings Inc. (8681), AG Holdings II Inc. (3828), Kings Super Markets, Inc. (6769), Balducci's Holdings LLC (1913), Balducci's Connecticut LLC (1945), Balducci's Maryland LLC (1926), Balducci's Virginia LLC (1949), and Balducci's New York LLC (1934).  The location of the Debtors' corporate headquarters is 700 Lanidex Plaza Parsippany, NJ 07054.

[2] Capitalized terms used herein and not otherwise defined or referenced shall have the meaning given to them in the Asset Purchase Agreement attached hereto as **Exhibit 1** (the "**Purchase Agreement**").

fully set forth in the Motion; and upon the Moses Declaration; and this Court having jurisdiction

over this matter pursuant to 28 U.S.C. § 157 and 1334 and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and this Court having found that this is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing, if any, before this court (the "**Hearing**"); and this Court having determined that the legal

and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

    A.    <u>**Findings of Fact and Conclusions of Law**</u>.  The findings and conclusions set forth

herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule

7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that

any of the following findings of fact constitute conclusions of law, they are adopted as such. To

the extent any of the following conclusions of law constitute findings of fact, they are adopted as

such.

B.      **Jurisdiction and Venue**.  The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334.  Consideration of the Sale Motion constitute a core proceeding under 28 U.S.C. § 157(b)(2).  Venue for the Cases and the proceedings on the Sale Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      **Bases for Relief**.  The bases for the relief requested in the Sale Motion are: (i) sections 105, 363, 365, 503 and 507 of the Bankruptcy Code; (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014; (iii) Local Rules 6004-1 and 6006-1, and (iv) the Amended Guidelines for the Conduct of Asset Sales, Approved by Administrative Order Number 383 in the United States Bankruptcy Court for the Southern District of New York.

D.      **Final Order**.  This Sale Order constitutes a final order within the meaning of  28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, waives any stay and expressly directs entry of judgment as set forth herein.

### Notice of Sale, Auction, and Cure Amounts

E.      On [    ], 2020, this Court entered an order (the "**Bidding Procedures Order**"): (a) authorizing the Debtors to enter into the Purchase Agreement; (b) approving certain bidding procedures (the "**Bidding Procedures**"); (c) scheduling an auction (the "**Auction**"); (d) approving the form and manner of notice thereof; (e) scheduling dates and deadlines in connection with the sale of all, substantially all, or any combination of the assets owned by the Debtors; (f) approving the form and manner of notice thereof; (g) approving procedures (the "**Assignment Procedures**")

3

for assuming and assigning certain of the Debtors' executory contracts and unexpired leases; and (h) granting the Debtors related relief.

F.    Actual written notice of the Sale Motion, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, has been afforded to all known interested entities and parties, including, but not limited to the following entities and parties (the "**Notice Parties**"): (a) counsel to the Stalking Horse Bidder; (b) the Consultation Parties (as defined in the Bidding Procedures Order); (c) the DIP Agent; (d) the Prepetition Agent; (e) all persons and entities, known by the Debtors and their advisors, to have expressed an interest in a transaction with respect to any of the Debtors' Assets during the past twelve (12) months; (f) all persons and entities known by the Debtors to have any lien, claim, encumbrance, or other interest in any Asset (for whom identifying information and addresses are available to the Debtors) or who have filed requests for service with the Bankruptcy Court; (g) all counterparties to proposed Assumed Contracts; (h) any governmental authority known to have a claim in these chapter 11 cases; (i) the United States Attorney for the Southern District of New York; (j) the Office of the Attorney General in each state which the Debtors operate; (k) the Office of the Secretary of State in each state in which the Debtors operate or are organized; (l) any and all multiemployer plans (including each multiemployer pension plan) to which any of the Debtors is, or within the past five (5) years has been, a contributing employer, and any single employer defined benefit plans to which any Debtor is or has been a contributing sponsor; (m) every labor organization with which any of the Debtors has, or within the past five (5) years has had, a collective bargaining agreement or similar agreement or arrangement; (n) the Federal Trade Commission; (o) the United States Attorney General/Antitrust Division of Department of Justice; (p) all of the Debtors' known creditors (for whom identifying information and addresses are available to the Debtors); (q) all

4

applicable local environmental enforcement agencies; (r) the United States Environmental Protection Agency; (s) the Pension Benefit Guaranty Corporation; and (t) all other persons directed by the Court (for whom identifying information and addresses are available to the Debtors).

G.    Actual written notice of the Auction, the Sale Hearing, the Sale of the Assets, and a reasonable opportunity to object or be heard with respect thereto, has been afforded to all known interested entities and parties, including, but not limited to the Notice Parties.

H.    Notice of the Auction, the Sale Hearing, and the Sale was timely, proper, and reasonably calculated to provide the Notice Parties and all other interested entities and parties with timely and proper notice of the Auction, the Sale, and the Sale Hearing.

I.    In accordance with the provisions of the Bidding Procedures Order, the Debtors have served notice upon the counterparties to Assumed Contracts: (i) that the Debtors seek to assume and assign to the Buyer the Assumed Contracts on the Closing Date and (ii) of the relevant Cure Amounts (defined below). The service of such notice was good, sufficient, and appropriate under the circumstances, and no further notice need be given in respect of establishing a Cure Amount for the Assumed Contracts. Each of the counterparties to Assumed Contracts has had or will have had an opportunity to object to the Cure Amounts set forth in the notice and to the assumption and assignment to the Buyer of the applicable Assumed Contract.

J.    As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, the Sale, and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Contracts to the Buyer, has been provided in accordance with the Bidding Procedures Order and sections 102(1), 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008. The notices described herein were good,

sufficient, and appropriate under the circumstances, and no other or further notice of the Sale

Motion, the Auction, the Sale Hearing, the Sale, or the assumption and assignment of the Assumed

Contracts to the Buyer is required.

K.      The disclosures made by the Debtors concerning the Sale Motion, the Purchase

Agreement, the Auction, the Sale Hearing, the Sale, and the assumption and assignment of the

Assumed Contracts to the Buyer were good, complete, and adequate.

L.      A reasonable opportunity to object and be heard with respect to the Sale and the

Sale Motion and the relief requested therein (including the assumption and assignment of Assumed

Contracts to the Buyer and any Cure Costs related thereto), has been afforded to all interested

persons and entities, including the Notice Parties.

## **Good Faith of Buyer**

M.      The Purchase Agreement was negotiated, proposed, and entered into by the Debtors

and the Buyer without collusion, in good faith, and from arms'-length bargaining positions.

N.      Neither the Debtors nor the Buyer have engaged in any conduct that would cause

or permit the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.

The Buyer has not acted in a collusive manner with any person in connection with any aspect of

the Auction or the Sale and the Purchase Price was not controlled by any agreement among the

bidders.

O.      The Buyer is purchasing the Assets in good faith and is a good faith buyer within

the meaning of section 363(m) of the Bankruptcy Code.  The Buyer has proceeded in good faith

in all respects in connection with the Sale including, but not limited to: (i) agreeing to subject its

bid to the competitive bidding process contemplated in the Bidding Procedures Order in good faith,

(ii) complying with the provisions in the Bidding Procedures Order, and (iii) disclosing all

payments to be made by the Buyer in connection with the Sale.  The Buyer is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

### Highest and Best Offer

P.      The Debtors conducted a sale process in accordance with, and have otherwise complied in all respects with, the Bidding Procedures Order.  The sale process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Assets.  The Auction was duly noticed and conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Assets.  As a result of the Auction conducted by the Debtors and their advisors pursuant to the Bidding Procedures Order, substantial additional value was generated for the Debtors' estates and the Auction resulted in the highest or best value for the Assets for the Debtors and their estates, and any other available transaction would not have yielded as favorable an economic result for the Debtors' estates, creditors, and other parties in interest.

Q.      The Purchase Agreement constitutes the highest and best offer for the Assets, and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative.  The Debtors' determination that the Purchase Agreement constitutes the highest and best offer for the Assets constitutes a valid and sound exercise of the Debtors' business judgment.

R.      The Purchase Agreement represents a fair and reasonable offer to purchase the Assets under the circumstances of these Cases.  No other entity or group of entities has offered to purchase the Assets for greater overall value to the Debtors' estates than the Buyer.

S.      Approval of the Sale Motion and the Purchase Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtors' chapter 11 estates, their creditors, and other parties in interest.

## No Fraudulent Transfer or Merger

T.      The consideration provided by the Buyer pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest or best offer for the Assets, and (iii) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code, Uniform Law Commission's Uniform Voidable Transactions Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

U.      The Buyer is not a mere continuation of the Debtors or their estates and there is no continuity of enterprise between the Buyer and the Debtors.  The Buyer is not holding itself out to the public as a continuation of the Debtors.  The Buyer is not a successor to the Debtors or their estates and the Sale does not amount to a consolidation, merger, or *de facto* merger of Buyer and the Debtors.

## Validity of Transfer

V.      Each Debtor has, to the extent necessary or applicable, (i) full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, (ii) all corporate authority necessary to consummate the transactions contemplated by the Purchase Agreement, and (iii) taken all corporate action necessary to authorize and approve the Purchase Agreement and the consummation of the transactions contemplated thereby.  The Sale has been duly and validly authorized by all necessary corporate action.  No consents or approvals,

8

other than those expressly provided for in the Purchase Agreement, are required for the Debtors to

consummate the Sale, the Purchase Agreement, or the transactions contemplated thereby.

W.     The Purchase Agreement was not entered into for the purpose of hindering,

delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United

States, any state, territory, possession or the District of Columbia.  Neither the Debtors nor the

Buyer is entering into the transactions contemplated by the Purchase Agreement fraudulently for

the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

X.     The Debtors are the sole and lawful owners of the Assets.  Subject to section 363(f)

of the Bankruptcy Code, the transfer of each of the Assets to the Buyer will be, as of the Closing

Date, a legal, valid, and effective transfer of the Assets, which transfer vests or will vest the Buyer

with all right, title, and interest of the Debtors to the Assets free and clear of (i) all liens and

encumbrances relating to, accruing, or arising any time prior to the Closing Date (collectively, the

"**Liens**"), other than the Permitted Liens, and (ii) all debts arising under, relating to, or in

connection with any act of the Debtors or claims (as that term is defined in section 101(5) of the

Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties,

rights, contractual commitments, restrictions, interests, and matters of any kind and nature,

whether arising prior to or subsequent to the commencement of these cases, and whether imposed

by agreement, understanding, law, equity or otherwise (including, without limitation, rights with

respect to Claims (as defined below) (a) that purport to give to any party a right of setoff or

recoupment against, or a right or option to effect any forfeiture, modification, profit sharing

interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the

Debtors' or the Buyer's interests in the Assets, or any similar rights, or (b) in respect of taxes,

restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including,

9

without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (ii), "**Claims**"), relating to, accruing or arising any time prior to the Closing Date, with the exception of the Assumed Liabilities that are expressly assumed by Buyer under the Purchase Agreement, including, for the avoidance of doubt, Cure Costs or any obligations arising at or after Closing arising under the Assumed Contracts.

### Section 363(f) Is Satisfied

Y.     The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtors may sell the Assets free and clear of any interest in the property other than the Assumed Liabilities.

Z.     The Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby if the sale of the Assets to the Buyer and the assumption of any Assumed Liabilities by the Buyer were not free and clear of all Liens and Claims, other than the Assumed Liabilities, or if the Buyer would, or in the future could, be liable for any of such Liens and Claims (other than the Permitted Liens and Assumed Liabilities).  Unless otherwise expressly included in Assumed Liabilities or Permitted Liens, the Buyer shall not be responsible for any Liens or Claims, including in respect of the following:  (i) any labor agreement or employment agreement, (ii) all mortgages, deeds of trust and security interests, (iii) intercompany loans and receivables among the Debtors, (iv) any pension, welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of any Debtor, (v) any other employee, workers' compensation, occupational disease, or unemployment or temporary disability related claim, (vi) Claims or Liens arising under any Environmental Laws, Excluded Liabilities, the Assets, Excluded

10

Assets, or assets owned or operated by Debtors or any corporate predecessor at any time prior to

the Closing Date, (vii) any bulk sales or similar law, (viii) any tax statutes or ordinances, including,

without limitation, the Internal Revenue Code of 1986, as amended, (ix) any Claims by a

Governmental Entity; (x) any Claims by a non-Governmental Entity relating to the Debtors'

businesses; and (xi) any theories of successor liability.

AA.    The Debtors may sell the Assets free and clear of all Liens and Claims against the

Debtors, their estates or any of the Assets (except the Assumed Liabilities) because, in each case,

one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been

satisfied.  Those holders of Liens or Claims against the Debtors, their estates, or any of the Assets

who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed

to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens

or Claims (except to the extent that such Liens or Claims are Assumed Liabilities or Permitted

Liens) are adequately protected by having their Liens or Claims, if any, in each instance against

the Debtors, their estates, or any of the Assets, attach to the proceeds of the Sale attributable to the

Assets in which such creditor has or alleges any Lien or Claim, in the same order of priority, with

the same validity, force, and effect that such Liens or Claims had prior to the Sale, subject to any

claims and defenses the Debtors and their estates may possess with respect thereto.

### Cure / Adequate Protection

BB.    The assumption and assignment of the Contracts pursuant to the terms of this Sale

Order is integral to the Purchase Agreement and is in the best interests of the Debtors and their

estates, their creditors, and all other parties in interest, and represents the reasonable exercise of

sound and prudent business judgment by the Debtors.  Subject to the Purchase Agreement, the

Buyer shall:  (i) to the extent necessary, cure or provide adequate assurance of cure, of any default

existing prior to the date hereof with respect to the Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(B) and 365(f)(2)(A). The Buyer's promise to pay the Cure Amounts and to perform the obligations under the Contracts after the Closing Date shall constitute adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).

CC.    Any objections to the assumption and assignment of any of the Contracts to the Buyer are hereby overruled or withdrawn. Any objections to the Cure Amounts are hereby overruled or withdrawn. To the extent that any counterparty failed to timely object to its Cure Amount or the assumption and assignment of its Contract to the Buyer, such counterparty is deemed to have consented to such Cure Amount and the assignments of its respective Contracts to the Buyer.

### Compelling Circumstances for an Immediate Sale

DD.    Good and sufficient reasons for approval of the Purchase Agreement and the Sale have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest. The Debtors have demonstrated both (i) good, sufficient, and sound business purposes and justifications for approving the Purchase Agreement and (ii) compelling circumstances for the Sale outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Buyer is necessary and

12

appropriate to maximize the value of the Debtors' estates and the Sale will provide the means for the Debtors to maximize distributions to creditors.

EE.    The Debtors' entry into and performance under the Purchase Agreement (i) are a result of due deliberation by the Debtors, in consultation with their advisors, and constitute a sound and reasonable exercise of the Debtors' business judgment consistent with their fiduciary duties; (ii) provide value to and are beneficial to the Debtors' estates, and are in the best interests of the Debtors and their stakeholders; and (iii) are reasonable and appropriate under the circumstances.

FF.    Business justifications for the Sale pursuant to the Purchase Agreement include, without limitation, the following: (i) the Purchase Agreement constitutes the highest or best offer received for the Assets; (ii) the Purchase Agreement provides the best opportunity to maximize the value of the Assets; (iii) unless the Sale and all other transactions contemplated by the Purchase Agreement are consummated expeditiously pursuant to the Purchase Agreement, recoveries to the Debtors' stakeholders may be materially diminished; (iv) the Purchase Agreement provides the best opportunity for the continued operation of the Business as a going concern and employment for a significant number of the Debtors' employees.

GG.    To maximize the value of the Assets and preserve the viability of the business to which the Assets relate, it is essential that the Sale of the Assets occur within the time constraints set forth in the Purchase Agreement.  Time is of the essence in consummating the Sale.

HH.    Given all of the circumstances of these Bankruptcy Cases and the adequacy and fair value of the Purchase Price under the Purchase Agreement, the proposed Sale of the Assets to Buyer constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

II.     The Sale neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a chapter 11 plan for the Debtors.  The Sale does not constitute a *sub rosa* chapter 11 plan  and does not propose to (i) impair or restructure existing debt of, or equity interest in, the Debtors, (ii) impair or circumvent voting rights with respect to any plan proposed by the debtors, (iii) circumvent chapter 11 safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code, or (iv) classify claims or equity interests or extend debt maturities.

JJ.     The consummation of the Sale and the assumption and assignment of the Contracts is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**NOW**, **THEREFORE**, on the Sale Motion of the Debtors and the record before this Court with respect to the Sale Motion, including the record made during the Hearing, and good and sufficient cause appearing therefor,

**IT IS SO ORDERED** that:

### **General Provisions**

1.     The Sale Motion is **GRANTED** as set forth herein.

2.     The relief requested in the Sale Motion and the transactions contemplated thereby and by the Purchase Agreement are approved as set forth in this Sale Order and on the record of the Sale Hearing, which is incorporated herein as if set forth fully in this Sale Order, and the Sale contemplated thereby is approved.

3.     All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled by announcement to the Court during the Sale Hearing or by

14

stipulation filed with the Court, including any and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice. Those parties who did not object or withdrew their objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

4.      This Court's findings of fact and conclusions of law set forth in the Bidding Procedures Order are incorporated herein by reference.

### <u>Approval of the Purchase Agreement</u>

5.      The Purchase Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

6.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized, empowered, and directed to use their reasonable best efforts to take any and all actions necessary or appropriate to (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (b) close the Sale as contemplated in the Purchase Agreement and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the Purchase Agreement, including the assumption and assignment to the Buyer of the Assumed Contract (in each case as such terms are defined in the Purchase Agreement), together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale. The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase Agreement or any other Sale related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

7.     This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, any Debtor, any holders of Liens, Claims, or other interests (whether known or unknown) in, against or on all or any portion of the Assets, all counterparties to Assumed Contracts, the Buyer and all successors and assigns of the Buyer, the Assets, and any trustees, if any, subsequently appointed in any of the Cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Cases.  This Sale Order and the Purchase Agreement shall inure to the benefit of the Debtors, their estates and creditors, the Buyer, and the respective successors and assigns of each of the foregoing.

### Transfer of the Assets

8.     Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors, acting by and through their existing agents, representatives, and officers, are authorized and directed to use reasonable best efforts to transfer the Assets to the Buyer on the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of such Assets and shall vest Buyer with title to the Assets and, upon the Debtors' receipt of the Purchase Price, other than Assumed Liabilities, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, except for the Permitted Liens, including but not limited to, (a) successor or successor-in-interest liability and (b) Claims in respect of the Excluded Liabilities, with all such Liens, Claims, or other interests to attach to the proceeds attributable to the property against or in which such Liens, Claims, or other interests exist or are asserted, with the same validity, force, and effect, and in the same order of priority, which such Liens, Claims, or other interests now have against the Assets, subject to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto.  Upon the Closing, the Buyer shall

16

take title to and possession of the Assets subject only to the Assumed Liabilities and Permitted Liens.

9.      All persons and entities that are in possession of some or all of the Assets on the Closing Date are directed to surrender possession of such Assets to the Buyer or its assignee at the Closing.    On the Closing Date, each of the Debtors' creditors is authorized and shall use commercially reasonable efforts to execute such documents and take all other actions as may be reasonably necessary to release its Liens, Claims, or other interests in the Assets, if any, as such Liens, Claims or interests may have been recorded or may otherwise exist.

10.      The Debtors are hereby authorized and directed to use reasonable best efforts to take any and all actions necessary to consummate the Purchase Agreement, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

11.      The transfer of the Assets to the Buyer pursuant to the Purchase Agreement does not require any consents other than as specifically provided for in the Purchase Agreement.    On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Sellers' interests in the Assets.    Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

12.      A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens, Claims, and other encumbrances of record except those assumed as Assumed Liabilities.

17

13.     If any person or entity which has filed statements or other documents or agreements

evidencing Claims or Liens on, or interests in, all or any portion of the Assets (other than

statements or documents with respect to Assumed Liabilities or Permitted Liens) shall not have

delivered to the Debtors prior to the Closing, in proper form for filing and executed by the

appropriate parties, termination statements, instruments of satisfaction, releases of liens and

easements, and any other documents necessary for the purpose of documenting the release of all

Claims, Liens, or interests which the person or entity has or may assert with respect to all or any

portion of the Assets, the Debtors are hereby authorized and directed, and the Buyer is hereby

authorized, on behalf of the Debtors and the Debtors' creditors, to execute and file such statements,

instruments, releases and other documents on behalf of such person or entity with respect to the

Assets; provided that the provisions of this Sale Order authorizing the transfer of the Assets free

and clear of all Liens, Claims, and Interests (except only as to Assumed Liabilities or Permitted

Liens) shall be self-executing, and the Debtors, the Buyer, and creditors shall not be required to

execute or file releases, termination statements, assignments, consents, or other instruments in

order for the provisions of this Sale Order to be effectuated, consummated and/or implemented.

14.     On the Closing Date, this Sale Order shall be construed and shall constitute for any

and all purposes a full and complete general assignment, conveyance, and transfer of the Debtors'

interests in the Assets and/or a bill of sale or assignment transferring good and marketable,

indefeasible title and interest in the Assets to the Buyer.  This Sale Order is and shall be effective

as a determination that, on the Closing Date, all Liens, Claims, Interests, or other interest of any

kind or nature whatsoever existing as to the Assets prior to the Closing Date, other than Assumed

Liabilities, or as otherwise provided in this Order, shall have been unconditionally released,

discharged, and terminated, and that the conveyances described herein have been effected;

18

*provided*, that, for the avoidance of doubt and notwithstanding anything herein to the contrary, such Liens, Claims, Interests, or other interests, shall attach to the proceeds of the Sale attributable to the Assets in which such creditor has or alleges a Lien or Claims, in the same order of priority, with the same validity, force, and effect that such Liens or Claims had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

15.    This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

16.    Subject to the terms, conditions, and provisions of this Sale Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Assets to the Buyer in accordance with the terms of this Purchase Agreement and this Sale Order.

17.    To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Assets, and all such licenses, permits,

registrations, and governmental authorizations and approvals are deemed to have been, and hereby

are, deemed to be transferred to the Buyer as of the Closing Date.

18.     To the extent permitted by section 525 of the Bankruptcy Code, no Governmental

Entity may revoke or suspend any permit or license relating to the operation of the Assets sold,

transferred, or conveyed to the Buyer on account of the filing or pendency of the Cases or the

consummation of the transactions contemplated by the Purchase Agreement.

### Assumption and Assignment of Contracts

19.     The Debtors are hereby authorized and directed in accordance with sections 105(a)

and 365 of the Bankruptcy Code to (a) assume and assign to Buyer, effective upon the Closing of

the Sale, or with respect to the Assumed Contract, the designation by the Buyer, the Contracts free

and clear of all Liens, Claims, and other interests of any kind or nature whatsoever (other than the

Assumed Liabilities), and (b) execute and deliver to Buyer such documents or other instruments

as Buyer reasonably deems may be necessary to assign and transfer the Contracts and Assumed

Liabilities to Buyer.

20.     With respect to the Assumed Contracts:  (a) the Debtors may assume each of the

Assumed Contracts in accordance with section 365 of the Bankruptcy Code, (b) the Debtors may

assign each Assumed Contract in accordance with sections 363 and 365 of the Bankruptcy Code,

and any provisions in any Assumed Contract that prohibit or condition the assignment of such

Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty,

condition renewal or extension, or modify any term or condition upon the assignment of such

Assumed Contract, constitute unenforceable anti-assignment provisions which are void and of no

force and effect, (c) all other requirements and conditions under sections 363 and 365 of the

Bankruptcy Code for the assumption by the Debtors and assignment to Buyer of each Assumed

Contract have been satisfied, (d) the Assumed Contracts shall be transferred and assigned to, and following the closing of the Sale remain in full force and effect for the benefit of, Buyer, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to and assumption by Buyer, and (e) upon Closing or, with respect to the Assumed Contracts, the designation by Buyer, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title and interest of each Contract. For all purposes in this Sale Order, a Contract shall be deemed an Assumed Contract if, pursuant to the Bidding Procedures Order or Purchase Agreement, the Buyer elects to include such Contracts as an Assumed Contract, provided that any counterparty to such Contract agrees to such treatment or such treatment is otherwise provided for in the Bidding Procedures Order or Purchase Agreement.

21.     Unless otherwise agreed, the respective amounts set forth pursuant any procedures approved in the Bidding Procedures Order that establish the amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults that are owed or payable as pecuniary losses under any Assumed Contracts (collectively, the "**Cure Amounts**"), and no other amounts are or shall be due in connection with the assumption by the Debtors and the assignment to the Buyer of the Assumed Contracts. All counterparties to Assumed Contract are prohibited from seeking any amounts other than the Cure Amounts from the Buyer and Debtors for amounts owed or payable through the Closing Date under an Assumed Contract.

22.     All defaults or other obligations of the Debtors under the Contracts owed or payable prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by the Debtors at the Closing or, with respect to the Assumed Contracts designated after Closing, upon designation by the Buyer, or as soon thereafter as practicable by payment of the Cure Amounts, each in accordance with the terms of the Purchase Agreement.

23.     Except for a counterparty to an Assumed Contract who filed a timely objection to the Cure Amount by _____ (prevailing Eastern Time) (whose objection shall be resolved in accordance with the procedures set forth in the Bidding Procedures Order) (a "**Contract Objection**"), such counterparty is deemed to have consented to such Cure Amount.

24.     Except for a counterparty to an Assumed Contract who files or has filed a timely Contract Objection to the Debtors' proposed assignment of such Contract to the Buyer (whose objection shall be resolved in accordance with the procedures set forth in the Bidding Procedures Order), such counterparty is deemed to have consented to assumption and assignment, and the Buyer shall be deemed to have demonstrated adequate assurance of future performance with respect to such Contract pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

25.     With respect to any timely-filed Contract Objections, such objections shall be resolved in accordance with the procedures set forth in the Bidding Procedures Order.  The provisions of this Sale Order shall be effective and binding upon counterparties to Assumed Contracts to the extent set forth in, and in accordance with, such procedures.  Nothing in this Sale Order, the Sale Motion, or in any notice or any other document is or shall be deemed an admission

by the Debtors that any contract or Contract is an executory contract or unexpired lease or must be assumed and assigned pursuant to the Purchase Agreement or in order to consummate the Sale.

26.     Upon the Debtors' assignment of the Assumed Contracts to the Buyer under the provisions of this Sale Order and any additional orders of this Court and Buyer's payment of any Cure Amounts pursuant to the terms hereof, no default shall exist under any Contract, and no counterparty to any Contract shall be permitted (a) to declare a default by the Buyer under such Contract or (b) otherwise take action against the Buyer as a result of any Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Contract. Except insofar as a counterparty to an Assumed Contract has filed or may timely file and prosecute a Contract Objection as provided by the Bidding Procedures Order, each non-Debtor party to a Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or Buyer, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing, or, against Buyer, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors and (ii) imposing or charging against Buyer or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtors' assumption and assignments to Buyer of the Contracts.  The validity of such assumption and assignments of the Contracts shall not be affected by any dispute between the Debtors and any non-Debtor party to an Assumed Contract relating to such Assumed Contract's respective Cure Amount.

27.     Except as provided in the Purchase Agreement or this Sale Order, after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such Claims are forever barred and estopped from asserting such Claims against the Debtors, their successors or assigns, their property or their assets or estates.

23

28.     The failure of the Debtors or Buyer to enforce at any time one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions, or of the Debtors' and Buyer's rights to enforce every term and condition of the Contracts.

### Prohibition of Actions Against the Buyer

29.     Except for the Assumed Liabilities, or as otherwise expressly provided for in this Sale Order or the Purchase Agreement, the Buyer shall not have any liability or other obligation of the Debtors arising under or related to any of the Assets.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase Agreement, the Buyer shall not be liable for any Claims against the Debtors or any of their predecessors or affiliates, and the Buyer shall have no successor or vicarious liability of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, ERISA law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, intercompany loans, and receivables among the Debtors, Environmental Laws, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to the Closing.  The Buyer shall have no Liability whatsoever directly or indirectly relating to any Union Agreements, or any Liability relating to the termination or permanent cessation of any contribution obligation to, or any other obligation with respect to, any multiemployer pension plan to which any of the Debtors had any contribution, withdrawal liability, or other obligation.

30.     Except for the Assumed Liabilities and Permitted Liens, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Assets, the operation of the Debtors' business prior to the Closing Date, or the transfer of the Assets to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer, any of the foregoing's affiliates, successors, or assigns, their property or the Assets, such persons' or entities' Liens, Claims, or interests in and to the Assets, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Buyer, its Affiliates, its successors, assets or properties, (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyer, its Affiliates, its successors, assets or properties, (c) creating, perfecting, or enforcing any Lien or other Claim against the Buyer, its Affiliates, its successors, assets, or properties, (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyer, its Affiliates or its successors, (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof, or (f) revoking, terminating or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Assets or conduct any of the businesses operated with the Assets.  On the Closing Date, each creditor is authorized and shall use commercially reasonable efforts, and the Buyer is hereby

authorized, on behalf of each of the Debtors' creditors, to execute such documents and take all other actions as may be necessary to release Liens, Claims, and other interests in or on the Assets (except Assumed Liabilities or Permitted Liens), if any, as provided for herein, as such Liens, Claims, and other interests may have been recorded or may otherwise exist; *provided*, that, for the avoidance of doubt, any such release shall not release or otherwise affect the Liens, Claims, Interests, or other interests in the proceeds of the Sale attributable to the Assets in which such creditor has or alleges any Lien or Claim which shall continue as provided for in paragraph 14 hereof.

31.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Assets to the Buyer in accordance with the terms of the Purchase Agreement and this Sale Order.

32.     The Buyer has given substantial consideration under the Purchase Agreement for the benefit of the Debtors, their estates, and their creditors.  The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential Claims and Liens pursuant to this Sale Order, which releases under this Sale Order shall be deemed to have been given in favor of the Buyer by all holders of Liens against or interests in, or Claims against any of the Debtors or any of the Assets, other than holders of Liens or Claims relating to the Assumed Liabilities or Permitted Liens.  The consideration provided by the Buyer for the Assets under the Purchase Agreement is fair and reasonable and, accordingly, the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

33.     Unless otherwise set forth in this Sale Order, notwithstanding any provision in the

Purchase Agreement to the contrary, nothing therein or in this Sale Order shall be deemed to impair

valid outstanding liabilities of any affiliate of the Debtors whose equity is being sold to the Buyer.

## **Other Provisions**

34.     For the avoidance of doubt, only those Liens, Claims, interests, and other

encumbrances in or on the Assets being transferred to the Buyer pursuant to the Purchase

Agreement and any ancillary agreements contemplated thereby are being transferred free and clear

pursuant to the terms of this Order, and any and all other assets of the Debtors that the Buyer is

not acquiring shall remain subject to all valid pre-existing Liens, Claims, interests and other

encumbrances. Any releases, terminations, termination statements, assignments, consents, or other

instruments relating to Liens or other encumbrances in or on the Assets shall properly be limited

to the Assets being transferred to, and Assumed Liabilities being assumed by, Buyer.

35.     The consideration provided by the Buyer to the Debtors pursuant to the Purchase

Agreement for the Assets constitutes reasonably equivalent value and fair consideration under the

Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act,

Uniform Law Commission's Uniform Voidable Transactions Act, and under the laws of the United

States, any state, territory, possession or the District of Columbia.

36.     The transactions contemplated by the Purchase Agreement are undertaken by the

Buyer without collusion and in good faith, as that term is defined in section 363(m) of the

Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization

provided herein to consummate the Sale shall not affect the validity of the Sale, unless such

authorization and such Sale are duly stayed pending such appeal.  The Buyer is a good faith buyer

within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full

protections of section 363(m) of the Bankruptcy Code.

37.    Buyer shall comply with (a) any internal health care policy of the Debtors, and (b)

the Health Insurance Portability and Accountability Act of 1995 and any similar laws or

regulations applicable to the Debtors, to ensure that personally identifiable information, including

any individually identifiable health information, is protected.

38.    Nothing contained in any plan of reorganization or liquidation, or order of any type

or kind entered in (a) these chapter 11 cases, (b) any subsequent chapter 7 case into which any

such chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this

Sale Order, shall conflict with or derogate from the provisions of the Purchase Agreement or the

terms of this Sale Order.

39.    For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale

Order shall not be stayed, shall be effective immediately upon entry, and the Debtors and Buyer

are authorized to close the Sale immediately upon entry of this Sale Order.

40.    No bulk sales law or any similar law of any state or other jurisdiction applies in any

way to the Sale.

41.    The failure to specifically include any particular provision of the Purchase

Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it

being the intent of the Court that the Purchase Agreement be authorized and approved in its

entirety; provided that this Sale Order shall govern if there is any inconsistency between the

Purchase Agreement (including all ancillary documents executed in connection therewith) and this

Sale Order.  Likewise, all of the provisions of this Sale Order are non-severable and mutually

dependent.

28

42.     The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court.

43.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtors to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Assets to the Buyer, (b) interpret, implement, and enforce the provisions of this Sale Order; (c) protect Buyer against any Liens, Claims, or other interest in or against the Sellers or the Assets of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Contracts.

44.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

45.     Nothing in this Sale Order or the Purchase Agreement (a) releases, nullifies, or enjoins the enforcement of any liability to a Governmental Entity under police and regulatory statutes or regulations and (b) authorizes the transfer or assignment to Buyer of any license, permit, registration, authorization, or approval of or with respect to a Governmental Entity without Buyer's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

46.     To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these Cases, the terms of this Sale Order shall govern.

47.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated:                                          _____

                                                [                            ]
                                                United States Bankruptcy Judge

## <u>EXHIBIT 1</u>

ASSET PURCHASE AGREEMENT