Obj. Deadline: October 9, 2020 @ 12:00 p.m.
Hearing Date: October 13, 2020 @ 10:00 a.m

Richard M. Seltzer
Joseph J. Vitale
Melissa S. Woods
Hanan B. Kolko
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
(212) 563-4100

*Counsel for the United Food and Commercial
Workers Union Local 342, Local 360, Local 371,
Local 464A and Local 1500 ("UFCW Parties")*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re:                                                     :   Chapter 11
                                                           :   Case No.: 20-22962 (SHL)
KB US HOLDINGS, INC., *et al.*,[1]                         :   (Jointly Administered)
                                                           :   .
           Debtors.                                        :
                                                           :
-----------------------------------------------------------x

**OBJECTION AND RESERVATION OF RIGHTS OF UNITED FOOD AND
COMMERCIAL WORKERS LOCALS 342, 360, 371, 464A AND 1500 TO MOTION
OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF
ASSETS FREE AND CLEAR TO THE STALKING HORSE BIDDER**

TO:   THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

United Food and Commercial Workers Union ("UFCW") Local 1500, UFCW

Local 342, UFCW Local 360, UFCW Local 371, and UFCW Local 464A (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: KB US Holdings, Inc. (1000), KB Holding, Inc. (3082), AG Kings Holdings Inc. (8681), AG Holdings II Inc. (3828), Kings Super Markets, Inc. (6769), Balducci's Holdings LLC (1913), Balducci's Connecticut LLC (1945), Balducci's Maryland LLC (1926), Balducci's Virginia LLC (1949), and Balducci's New York LLC (1934). The location of the Debtors' corporate headquarters is 700 Lanidex Plaza Parsippany, NJ 07054.

9543838.2

"UFCW Parties" or the "Unions") creditors and parties-in-interest, by and through their undersigned counsel, submits this *Objection and Reservation of Rights of United Food And Commercial Workers Locals 342, 360, 371, 464A and 1500 to Motion of Debtors for Entry of (I) Order (A) Authorizing Performance Under the Stalking Horse Purchase Agreement, (B) Approving Bidding Procedures for the Sale of Assets, (C) Scheduling Hearings and Objection Deadlines with Respect to the Sale, (D) Scheduling Bid Deadline and an Auction, (E) Approving the Form and Manner of Notice Thereof, (F) Approving Contract Assumption and Assignment Procedures, (G) Granting Related Relief; and (II) Order (A) Authorizing the Sale of Assets Free and Clear, (B) Authorizing Assumption and Assignment of Executory Contracts, and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 20].

## BACKGROUND

1. The Unions file this objection to protect their rights under their collective bargaining agreements and the workers they represent. The Unions represent approximately 1,900 employees of Debtor Kings Super Markets, Inc. ("Kings") at stores in New Jersey, New York, and Connecticut pursuant to collective bargaining agreements ("CBAs"). These employees provide the hands-on service that distinguishes Kings from its competitors. They carefully stock and arrange produce displays. They staff the seafood and deli counters that purvey higher-margin products. They keep the stores clean and attractive, and do the work that makes customers feel safe when they shop, a critical issue in light of the impact of COVID-19 on shopper behavior.

2. The Unions' CBAs each contain successorship clauses.

3. As set forth in the Unions' Prior Objection [Docket No. 100], Section 1113(f) provides that "[n]o provision of this title shall be construed to permit a trustee to

unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section." 11 U.S.C. § 1113(f **)**.

4. Thus, a debtor cannot reject, or *de facto* reject, collectively bargained obligations, including relevant successorship protections, without invoking and meeting the requirements of Section 1113. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 81-82 (3d Cir. 1999) (debtor could not, under Section 1113(f), contractually bind itself to obtain a change in a collective bargaining agreement as a condition precedent to asset sale closing; any such change required compliance with the Section 1113 procedures). . .

5. As the bankruptcy court concluded in the *Journal Register* case, a debtor may not use Section 363 to bypass the requirements of Section 1113. *In re Journal Register Co.*, 488 B.R. 835, 840 (Bankr. S.D.N.Y. 2013) (Bernstein, J.).

6. For the reasons set forth in the Union's Objection for the Debtors' Motion for Relief Under Section 1113 and 1114 [Docket No. 162], as well as at the hearing and closing arguments on same, the Debtors are not entitled to reject its collective bargaining agreements or terminate retiree health benefits.

7. Similarly, as also set forth in the Unions' Prior Objection [Docket No. 100], a debtor cannot, through the Section 363 asset sale process, obtain an order adjudicating the rights and obligations of a buyer or a union under the National Labor Relations Act. "The question of whether a new entity, be it an employer or labor organization, is a successor, disguised continuance, or alter ego of another entity is a question of substantive labor law which could not have been decided, in this case, by the bankruptcy court." *NLRB v. Laborers' Int'l Union*, 882 F.2d 949, 955 (5th Cir. 1989), *citing In re Goodman*, 873 F.2d 598, 602 (2d Cir. 1989). *See also NLRB v. Edward Cooper Painting*, 804 F.2d 934, 943-944 (6th Cir. 1986).

There is nothing unique about a Section 363 sale order that exempts it from this rule. *See In re Carib-Inn of San Juan Corp.*, 905 F.2d 561, 563-564 (1st Cir. 1990) (bankruptcy court sale order could not absolve alter ego purchaser of liability: "if the facts warrant a finding that the conduct of the bankruptcy trustee was performed on behalf of the purchaser and amounted to an unfair labor practice, the proposition that an order of the bankruptcy court could protect the purchaser from the consequences under the National Labor Relations Act would be untenable."); *Erica, Inc.*, 344 NLRB 799, 800-801 (2005) enforced, 200 Fed.Appx. 344 (5th Cir. 2006) (bankruptcy court's "free and clear" approval of asset purchase agreement did not bar subsequent claim against purchaser for liability under the CBA); *Century Printing Co.*, 242 NLRB 659, 666 (1979) (court approved purchaser was liable as alter ego), *enforced*, 661 F.2d 914 (3d Cir. 1981).

## **OBJECTION**

8.  Because of the critical role played by the employees represented by the Unions, and because of the fact that labor peace during the sale process will be critical to the ability of the Stalking Horse Bidder to successfully maintain customer loyalty, the Unions object to any order authorizing the sale of assets to the Stalking Horse Bidder unless such order (a) requires the Stalking Horse Bidder to assume the CBAs, and (b) makes clear that the order does not seek to adjudicate the rights and obligations of the Stalking Horse Bidder or the Unions under the National Labor Relations Act.

9.  The Unions reserve their rights to make further arguments based on the facts and circumstances as of the date of the sale hearing and to support an alternative bid in light of the facts and circumstances at the time of the sale hearing.

## CONCLUSION

WHEREFORE, the Unions respectfully request that the Court modify the Sale Order consistent with this Objection.

Dated: New York, New York
       October 9, 2020

Respectfully submitted,

/s/ Joseph J. Vitale
Richard M. Seltzer
Joseph J. Vitale
Melissa S. Woods
Hanan B. Kolko
900 Third Avenue, Suite 2100
New York, NY 10022
T: (212) 563-4100
F: (646) 473-8220
rseltzer@cwsny.com
jvitale@cwsny.com
mwoods@cwsny.com
hkolko@cwsny.com

*Counsel for the United Food and Commercial Workers Union, Local 342, Local 360, Local 371, Local 464A and Local 1500*