Presentment Date:  March 14, 2024, at 10:00 a.m. (prevailing Eastern time)
Objection Deadline:  March 11, 2024, at 4:00 p.m. (prevailing Eastern time)

**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers, Esq.
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile:  (212) 775-8800
*Counsel for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **KB US Holdings, Inc., *et al.*,** | **Case No. 20-22962 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### NOTICE OF PRESENTMENT OF APPLICATION FOR
### FINAL DECREE CLOSING CHAPTER 11 CASES PURSUANT TO
### SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

**PLEASE TAKE NOTICE** that on **March 14, 2024 at 10:00 a.m. (prevailing Eastern Time)**, the undersigned will present the *Application for Final Decree Closing Chapter 11 Cases Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022* (the "Application," a copy of which is attached hereto) and a proposed order granting the relief requested therein to the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4140 (the "Bankruptcy Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: KB US Holdings, Inc. (1000), KB Holding, Inc. (3082), AG Kings Holdings Inc. (8681), AG Holdings II Inc. (3828), Kings Super Markets, Inc. (6769), Balducci's Holdings LLC (1913), Balducci's Connecticut LLC (1945), Balducci's Maryland LLC (1926), Balducci's Virginia LLC (1949), and Balducci's New York LLC (1934).  The location of the Debtors' corporate headquarters is 700 Lanidex Plaza Parsippany, NJ 07054.

**PLEASE TAKE FURTHER NOTICE** that any responses to the relief requested in the Application must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and be filed with the Bankruptcy Court (a) by attorneys practicing in the bankruptcy court including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 74] (the "Case Management Procedures Order"). Responses, if any, to the Application shall be filed and served, with a copy to the Court's chambers, in a manner consistent with the Case Management Procedures Order by **March 11, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, the Plan Administrator shall, on the Presentment Date, submit to the Court an order substantially in the form attached as **Exhibit A** to the Application, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration at https://cases.ra.kroll.com/KB/Home-Index.  You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  February 29, 2024                    Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

_/s/ Colin M. Bernardino_
Todd C. Meyers
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile:  (212) 775-8800
Email:  tmeyers@kilpatricktownsend.com

-and-

Colin M. Bernardino (admitted _pro hac vice_)
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  cbernardino@kilpatricktownsend.com

_Counsel for the Plan Administrator_

Presentment Date: March 14, 2024, at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: March 11, 2024, at 4:00 p.m. (prevailing Eastern time)

**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers, Esq.
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
*Counsel for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **KB US Holdings, Inc.,** *et al.*, | **Case No. 20-22962 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**APPLICATION FOR FINAL DECREE**
**CLOSING THE CHAPTER 11 CASES PURSUANT TO**
**SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Ankura Trust Company, LLC, in its capacity as Plan Administrator (the "Plan Administrator"), by and through its undersigned counsel, submits this application (the "Application") for entry of a final decree, substantially in the form attached hereto as **Exhibit A**, closing the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: KB US Holdings, Inc. (1000), KB Holding, Inc. (3082), AG Kings Holdings Inc. (8681), AG Holdings II Inc. (3828), Kings Super Markets, Inc. (6769), Balducci's Holdings LLC (1913), Balducci's Connecticut LLC (1945), Balducci's Maryland LLC (1926), Balducci's Virginia LLC (1949), and Balducci's New York LLC (1934). The location of the Debtors' corporate headquarters is 700 Lanidex Plaza Parsippany, NJ 07054.

## Relief Requested

1.      By this Application, the Plan Administrator respectfully requests that this Court

enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing the Chapter 11

Cases set forth on **Schedule 1** to **Exhibit A**.

## Jurisdiction

2.      The United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

the *Amended Standing Order of Reference from the United States District Court for the Southern

District of New York*, dated January 31, 2012.  This matter is a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2).  The Plan Administrator confirms its consent, pursuant to rule 7008 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order

by the Bankruptcy Court in connection with this Application to the extent that it is later determined

that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this Bankruptcy Court under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is section 350(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3022, and rules 9013-1(a) and

3022-1 of the Local Bankruptcy Rules for the Southern District of New York.

## Background

5.      On August 23, 2020, the Debtors each commenced with this Court a voluntary case

under chapter 11 of the Bankruptcy Code.

6.      On February 18, 2021, the Debtors filed the *Debtors' Third Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code (with Technical Modifications)* [Docket No. 566] (the "Plan").

7.      On February 22, 2021, the Court entered its *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Third Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 581] (the "Confirmation Order").   The Confirmation Order appointed Ankura Trust Company, LLC as the Plan Administrator as of the Effective Date (defined below) to administer the Wind-Down Trust (as defined in the Plan) in accordance with the Wind-Down Trust Agreement (as defined in the Plan)[2] and the Plan and to serve as the exclusive representative of the Debtors' estates, among other things.   Confirmation Order ¶ 8.

8.      The Plan became effective on February 26, 2021 (the "Effective Date").   See *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 593].

9.      As of the date hereof, the Plan Administrator has resolved all outstanding Claims against the Debtors, their Estates,[3] the Wind-Down Trust, and the Wind-Down Trust Assets; liquidated and administered (or abandoned, as the case may be) all of the Wind-Down Trust Assets; and made all applicable distributions to the Wind-Down Trust's Beneficiaries[4] in a manner

---

[2] The form of the Wind-Down Trust Agreement is filed with the Amended Plan Supplement.   See Docket No. 568, Ex. D-1.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[4] The Wind-Down Trust Agreement defines "Beneficiaries" as holders of allowed Prepetition Secured Lender Claims. See Wind-Down Trust Agreement at 1.

consistent with the Plan. The vast majority of all of the Wind-Down Trust Assets from the Wind-Down Trust have been distributed to the Wind-Down Trust's Beneficiaries. After the payment of any expenses associated closing the Chapter 11 Cases, the remaining funds in the Wind-Down Trust will be distributed to the Wind-Down Trust Beneficiaries. Leaving these Chapter 11 Cases open past the date hereof would impose unnecessary costs on the Wind-Down Trust. Accordingly, the Plan Administrator requests entry of a final decree, substantially in the form attached hereto (the "Final Decree").

### Basis for Relief

10. The Confirmation Order provides that "[t]he Plan Administrator shall file a motion seeking entry of a final decree closing the cases as required by Bankruptcy Rule 3022." Confirmation Order ¶ 48; see also Plan, Art. XII § L (providing that the Plan Administrator shall file all documents required by Bankruptcy Rule 3022 to close the Chapter 11 Cases).

11. Section 350(a) of the Bankruptcy Code provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

12. The Advisory Committee Note to Bankruptcy Rule 3022 provides in pertinent part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

4

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

Bankruptcy Rule 3022 advisory committee's note to 1991 amendment.

13.    Courts generally use the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered.  See, e.g., In re Aquatic Dev. Grp. Inc., 352 F.3d 671, 676 (2d Cir. 2003); In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree.  See Kliegl Bros., 238 B.R. at 542; see also Walnut Assocs. v. Saidel, 164 B.R. 487 (E.D. Pa. 1994).

14.    Here, the Bankruptcy Court entered the Confirmation Order on February 22, 2021, and such order is a final order.[5]  Following entry of the Confirmation Order, the Plan became effective on February 26, 2021, and the Wind-Down Trust Assets were transferred to the Wind-Down Trust.  The Plan Administrator worked diligently and in good faith to fulfill its responsibilities in accordance with the Wind-Down Trust Agreement and Article IV § D of the Plan, and the Plan Administrator has distributed the vast majority of the Wind-Down Trust Assets from the Wind-Down Trust to the Wind-Down Trust's Beneficiaries.[6]

15.    As noted above, almost all property contemplated to be transferred, liquidated and/or distributed pursuant to the Plan and the Wind-Down Trust Agreement has been transferred,

---

[5] No appeal of the Confirmation Order was filed.

[6] As noted above, after the payment of any expenses that might be incurred in connection with the closing of the Chapter 11 Cases, Plan Administrator will distribute the remaining funds in the Wind-Down Trust to the Wind-Down Trust Beneficiaries.

liquidated, and/or disbursed to all creditors entitled to such distributions (or abandoned, as the case may be).  Among other things, the following has occurred:

- The Confirmation Order has been entered, is in full force and effect, and is a Final Order.

- Each Class 1 – Allowed Other Priority Claim has been satisfied such that it is Unimpaired.

- Each Class 2 – Allowed Other Secured Claim has been satisfied such that it is Unimpaired.

- Each Class 3 – Allowed Prepetition Secured Claim has received its ratable share of:  (i) the Sale Proceeds remaining after deducting the Effective Date Cash Amount and payment of the DIP Claims; and (ii) Excess Cash (amounts remaining after liquidations of the Wind-Down Trust Assets).

- Each Class 4 – Allowed General Unsecured Claim was cancelled, released, and extinguished as of the Effective Date in accordance with the Plan and received no distributions.

- Each Class 5 – Allowed Prepetition Secured Loan Deficiency Claim was cancelled, released, and extinguished as of the Effective Date in accordance with the Plan and received no distributions.

- Each Class 6 – Allowed Intercompany Claim was cancelled, released, and extinguished as of the Effective Date in accordance with the Plan and received no distributions.

- Each Class 7 – Allowed Intercompany Interest was cancelled, released, and extinguished as of the Effective Date in accordance with the Plan and received no distributions.

- Each Class 8 – Allowed Section 510(b) Claim was cancelled, released, and extinguished as of the Effective Date in accordance with the Plan and received no distributions.

- Each Class 9 – Allowed Interest in KB US Holdings, Inc. was cancelled, released, and extinguished as of the Effective Date in accordance with the Plan and received no distributions.

- All actions, documents, certificates, and agreements necessary to substantially consummate the Plan have been effected or executed and delivered to the required parties and, to the extent required, filed with the applicable Governmental Units in accordance with applicable laws.

- All documents and agreements necessary to implement the Plan have been executed and delivered. All conditions precedent to the effectiveness of such documents and agreements have been satisfied or waived pursuant to the terms thereof.

- The final version of the Plan Supplement and all of the schedules, documents, and exhibits contained therein and all other schedules, documents, supplements, and exhibits to the Plan are consistent with the Plan.

- All of the other definitive documents not expressly set forth in the Plan have been executed in accordance with the Plan.

- All invoiced reasonable and documented fees and out-of-pocket expenses payable pursuant to the Plan or an order of the Bankruptcy Court have been paid in full.

- The Plan Administrator has implemented the Wind-Down in a manner consistent in all respects with the Plan.

16.     As of the date hereof, the Plan Administrator is not aware of any motions, contested matters, or adversary proceedings related to the Wind-Down Trust that are pending or have not otherwise been finally resolved.

17.     The Plan Administrator also requests that the Bankruptcy Court close these Chapter 11 Cases in light of section 1930(a)(6) of title 28 of the U.S. Code, which requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Such fees are a financial burden on the Wind-Down Trust. As of the date hereof, no fees are due and payable pursuant to section 1930(a)(6) of title 28 of the United States Code. The Plan Administrator will make any final payments due to the Office of the United States Trustee in connection with this Application, and the Wind-Down Trust does not owe any money to the Clerk of the Bankruptcy Court as of the date hereof. Based on the foregoing, ample justification exists for entry of a final decree closing these Chapter 11 Cases.

18.     Section D.4 of Article IV of the Plan provides: "Upon a certification to be filed with the Bankruptcy Court by the Plan Administrator of all distributions having been made and

7

completion of all its duties under the Plan and entry of a final decree closing the last of the Chapter 11 Cases, the Wind-Down Trust shall be deemed to be dissolved without any further action by the Plan Administrator ….."  Plan, Art. IV § D.4.  Section 8.1 of the Wind-Down Trust Agreement provides:

> [t]he Plan Administrator shall be discharged and the Wind-Down Trust shall be terminated, at such time as … (i) all of the Wind-Down Trust Assets have been liquidated or abandoned, (ii) all duties and obligations of the Plan Administrator hereunder have been fulfilled, (iii) all distributions required to be made by the Plan Administrator under the Plan and this Agreement have been made, and (iv) the Chapter 11 Cases of the Debtors have been closed ….

Wind-Down Trust Agreement § 8.1.  As noted above, all of the Wind-Down Trust Assets have been liquidated, and the Plan Administrator has made all distributions under the Plan and the Wind-Down Trust Agreement.  The entry of the Final Decree will close the Chapter 11 Cases.  Therefore, upon fulfillment of its duties under the Plan and the Wind-Down Trust Agreement, it will be appropriate to discharge the Plan Administrator.  The Plan Administrator requests the Final Decree provide that upon the filing with the Bankruptcy Court of the aforementioned certification, the Plan Administrator shall be deemed discharged.

### **The Closing Report**

19.     In accordance with the requirements of Local Bankruptcy Rule 3022-1, attached hereto as **Exhibit B** is a copy of the closing report, which includes a summary of the fees and expenses awarded to the professionals retained by the Debtors during these Chapter 11 Cases, as well as additional information regarding distributions made pursuant to the Plan.

### **Notice**

20.     The Plan Administrator has provided notice of this Application to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee, (iii) counsel for the Prepetition Secured Lenders (as defined the Plan); and (iv) all parties requesting notice under Bankruptcy Rule 2002.

A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.ra.kroll.com/KB/Home-Index.  In light of the nature of the relief requested, the Plan Administrator submits that no other or further notice is required.

WHEREFORE, the Plan Administrator respectfully requests that the Bankruptcy Court enter the Order granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated:  February 29, 2024                    Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/ Colin M. Bernardino*
Todd C. Meyers
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile:  (212) 775-8800
Email:  tmeyers@kilpatricktownsend.com

-and-

Colin M. Bernardino (admitted *pro hac vice*)
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  cbernardino@kilpatricktownsend.com

*Counsel for the Plan Administrator*

## Exhibit A

**Proposed Final Decree**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **KB US Holdings, Inc.,** *et al.*, | Case No. 20-22962 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### FINAL DECREE CLOSING THE DEBTORS'
### CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF
### THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

Upon the application (the "Application")[2] of Ankura Trust Company, LLC, in its capacity as Plan

Administrator (the "Plan Administrator"), for entry of a final decree closing the chapter 11 cases

of the above-captioned debtors (the "Debtors") pursuant to section 350(a) of the Bankruptcy Code

and Bankruptcy Rule 3022, all as more fully set forth in the Application; and this Bankruptcy

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference from the United States District Court for the Southern District of

New York*, dated January 31, 2012; and this Bankruptcy Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Bankruptcy Court may enter a final

order consistent with Article III of the United States Constitution; and this Bankruptcy Court

having found that venue of this proceeding and the Application in this district is proper pursuant

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: KB US Holdings, Inc. (1000), KB Holding, Inc. (3082), AG Kings Holdings Inc. (8681), AG Holdings II Inc. (3828), Kings Super Markets, Inc. (6769), Balducci's Holdings LLC (1913), Balducci's Connecticut LLC (1945), Balducci's Maryland LLC (1926), Balducci's Virginia LLC (1949), and Balducci's New York LLC (1934).  The location of the Debtors' corporate headquarters is 700 Lanidex Plaza Parsippany, NJ 07054.

[2]   All capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Application.

to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief requested

in the Application is in the best interests of the Wind-Down Trust, the Debtors' estates and

creditors, and other parties in interest; and this Bankruptcy Court having found that the Plan

Administrator's notice of the Application and opportunity for a hearing on the Application were

appropriate and no other notice need to be provided; and this Bankruptcy Court having reviewed

the Application and, if necessary, having heard the statements in support of the relief requested

therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court

having determined that the legal and factual bases set forth in the Application and, if necessary, at

the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had

before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor,

it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal

Rules of Bankruptcy Procedure, the Debtors' chapter 11 cases identified on **Exhibit 1** hereto are

hereby closed; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in

Article 11 of the Plan, which provides for the retention of this Court's exclusive jurisdiction over

all matters arising out of, or related to, these chapter 11 cases and the Plan, and the entry of this

Final Decree is without prejudice to the rights of the Plan Administrator or any party in interest to

seek to reopen the chapter 11 cases for good cause shown.  For the avoidance of doubt, this Final

Decree shall not modify the Plan Administrator remaining obligations under the Wind-Down Trust

Agreement, the Plan, or order of the Bankruptcy Court.

3.      The Plan Administrator shall reserve sufficient funds to pay the United States

Trustee the appropriate amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any

applicable interest due pursuant to 31 U.S.C. § 3717, including, for the avoidance of doubt, fees

for the period from January 1, 2024, through and including the date of entry of this Final Decree

(the "Cash Disbursement Period").  The Plan Administrator shall provide the United States Trustee

with an affidavit indicating the cash disbursements that occurred during the Cash Disbursement

Period (the "Cash Disbursement Affidavit") within ten (10) business days of entry of this Final

Decree (or such other date agreed by the United States Trustee).  The Plan Administrator shall

remit payment of the outstanding quarterly fees described in this paragraph 3 within ten (10)

business days of the date the United States Trustee receives the Cash Disbursement Affidavit to

avoid any interest payments that may otherwise accrue thereon (or such other date as agreed by

the United States Trustee).

4.      The services of Kroll Restructuring Administration ("Kroll") are terminated

effective upon Kroll completing the services set forth in this Order.

5.      Kroll will prepare final claims registers for the Clerk's Office pursuant to any

current guidelines for implementing 28 U.S.C. § 156(c).

6.      Kroll will box and transport all claims to the Federal Archives, at the direction of

the Clerk's Office.

7.      Kroll will collect and forward any mail regarding these chapter 11 cases after entry

of this Final Decree as soon as reasonably practicable to the Plan Administrator, provided that the

Plan Administrator shall provide Kroll with reasonable compensation and reimburse Kroll for its

reasonable and documented expenses in connection with any such mail forwarding services

provided by Kroll to the Plan Administrator after the date of entry of this Final Decree.

8.      The above services to be rendered by Kroll shall be charged to the Wind-Down

Trust.

9.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Application.

10.     The Plan Administrator shall continue to act as Plan Administrator until its duties under the Wind-Down Trust Agreement have been fully discharged or its role as Plan Administrator is otherwise terminated under the Wind-Down Trust Agreement.  The Plan Administrator shall be discharged and the Wind-Down Trust shall be terminated upon the filing of a certification with this Bankruptcy Court by the Plan Administrator that (a) all distributions have been made, and (b) all of the Plan Administrator's duties under the Plan have been completed.

11.     Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor, the Debtors' estates, or the Plan Administrator would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

12.     Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

New York, New York
Dated: _____, 2024

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Chapter 11 Cases to Be Closed**

### Chapter 11 Cases to Be Closed

| DEBTOR | CASE NO. |
|---|---|
| KB US Holdings, Inc. | 20-11647 (SHL) |
| KB Holding, Inc. | 20-11648 (SHL) |
| AG Kings Holdings, Inc. | 20-11650 (SHL) |
| AG Holdings II Inc. | 20-11651 (SHL) |
| Kings Super Markets, Inc. | 20-11653 (SHL) |
| Balducci's Holdings LLC | 20-11656 (SHL) |
| Balducci's Connecticut LLC | 20-11658 (SHL) |
| Balducci's Maryland LLC | 20-11661 (SHL) |
| Balducci's Virginia LLC | 20-11663 (SHL) |
| Balducci's New York LLC | 20-11666 (SHL) |

**<u>Exhibit B</u>**

**Closing Report**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11** |
| **KB US Holdings, Inc.,** *et al.*, | **Case No. 20-22962 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## CLOSING REPORT IN CHAPTER 11 CASES

To the best of my knowledge and belief, the total fees and expenses incurred by the Debtors' counsel and other retained professionals prior to the Effective Date is as follows:

FEES AND EXPENSES (from case inception and including the Effective Date):

$6,832,867.51      FEES FOR ATTORNEY FOR DEBTORS[2]

$4,752,697.30      OTHER PROFESSIONAL FEES AND ALL EXPENSES[3]

_____n/a_____      TRUSTEE FEE (if applicable)

_____n/a_____      FEE for ATTORNEY for TRUSTEE (if applicable)

_____n/a_____      % DIVIDEND PAID/TO BE PAID[4]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: KB US Holdings, Inc. (1000), KB Holding, Inc. (3082), AG Kings Holdings Inc. (8681), AG Holdings II Inc. (3828), Kings Super Markets, Inc. (6769), Balducci's Holdings LLC (1913), Balducci's Connecticut LLC (1945), Balducci's Maryland LLC (1926), Balducci's Virginia LLC (1949), and Balducci's New York LLC (1934). The location of the Debtors' corporate headquarters is 700 Lanidex Plaza Parsippany, NJ 07054.

[2] Includes fees and expenses of Proskauer Rose LLP, as counsel to the Debtors.

[3] Includes the fees and expenses of other estate-retained professionals: PJ Solomon, L.P. and PJ Solomon Securities, LL, as investment banker for the Debtors; PricewaterhouseCoopers LLP, as tax compliance and tax consulting services provider for the Debtors; Prime Clerk LLC, as administrative advisor to the Debtors; Lowenstein Sandler LLP, as counsel to the Official Committee of Unsecured Creditors; and AlixPartners, LLP, as financial advisor to the Official Committee of Unsecured Creditors.

[4] As noted in the Application for final decree, under the terms of the Plan, general unsecured creditors did not receive a distribution in the Debtors' chapter 11 cases.

_____n/a_____          FUTURE DIVIDENDS

_____

_____Yes_____          INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED

_____n/a_____ __       OTHER:


Dated: February 29, 2024
New York, New York                    Respectfully submitted,

                                      **KILPATRICK TOWNSEND & STOCKTON
                                      LLP**

                                      */s/ Colin M. Bernardino*
                                      Todd C. Meyers
                                      The Grace Building
                                      1114 Avenue of the Americas
                                      New York, NY 10036-7703
                                      Telephone: (212) 775-8700
                                      Facsimile:  (212) 775-8800
                                      Email:  tmeyers@kilpatricktownsend.com


                                      -and-

                                      Colin M. Bernardino (admitted *pro hac vice*)
                                      1100 Peachtree Street
                                      Suite 2800
                                      Atlanta, Georgia 30309
                                      Telephone:  (404) 815-6500
                                      Facsimile:  (404) 815-6555
                                      Email:  cbernardino@kilpatricktownsend.com

                                      *Counsel for the Plan Administrator*