UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>KB US Holdings, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-22962 (SHL)<br><br>(Jointly Administered) |

# FINAL DECREE CLOSING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

Upon the application (the "Application")[2] of Ankura Trust Company, LLC, in its capacity as Plan Administrator (the "Plan Administrator"), for entry of a final decree closing the chapter 11 cases of the above-captioned debtors (the "Debtors") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully set forth in the Application; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: KB US Holdings, Inc. (1000), KB Holding, Inc. (3082), AG Kings Holdings Inc. (8681), AG Holdings II Inc. (3828), Kings Super Markets, Inc. (6769), Balducci's Holdings LLC (1913), Balducci's Connecticut LLC (1945), Balducci's Maryland LLC (1926), Balducci's Virginia LLC (1949), and Balducci's New York LLC (1934). The location of the Debtors' corporate headquarters is 700 Lanidex Plaza Parsippany, NJ 07054.

[2] All capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Application.

in the Application is in the best interests of the Wind-Down Trust, the Debtors' estates and creditors, and other parties in interest; and this Bankruptcy Court having found that the Plan Administrator's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need to be provided; and this Bankruptcy Court having reviewed the Application and, if necessary, having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Application and, if necessary, at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtors' chapter 11 cases identified on **Exhibit 1** hereto are hereby closed; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in Article 11 of the Plan, which provides for the retention of this Court's exclusive jurisdiction over all matters arising out of, or related to, these chapter 11 cases and the Plan, and the entry of this Final Decree is without prejudice to the rights of the Plan Administrator or any party in interest to seek to reopen the chapter 11 cases for good cause shown. For the avoidance of doubt, this Final Decree shall not modify the Plan Administrator remaining obligations under the Wind-Down Trust Agreement, the Plan, or order of the Bankruptcy Court.

3. The Plan Administrator shall reserve sufficient funds to pay the United States Trustee the appropriate amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, including, for the avoidance of doubt, fees

for the period from January 1, 2024, through and including the date of entry of this Final Decree (the "Cash Disbursement Period"). The Plan Administrator shall provide the United States Trustee with an affidavit indicating the cash disbursements that occurred during the Cash Disbursement Period (the "Cash Disbursement Affidavit") within ten (10) business days of entry of this Final Decree (or such other date agreed by the United States Trustee). The Plan Administrator shall remit payment of the outstanding quarterly fees described in this paragraph 3 within ten (10) business days of the date the United States Trustee receives the Cash Disbursement Affidavit to avoid any interest payments that may otherwise accrue thereon (or such other date as agreed by the United States Trustee).

4. The services of Kroll Restructuring Administration ("Kroll") are terminated effective upon Kroll completing the services set forth in this Order.

5. Kroll will prepare final claims registers for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c).

6. Kroll will box and transport all claims to the Federal Archives, at the direction of the Clerk's Office.

7. Kroll will collect and forward any mail regarding these chapter 11 cases after entry of this Final Decree as soon as reasonably practicable to the Plan Administrator, provided that the Plan Administrator shall provide Kroll with reasonable compensation and reimburse Kroll for its reasonable and documented expenses in connection with any such mail forwarding services provided by Kroll to the Plan Administrator after the date of entry of this Final Decree.

8. The above services to be rendered by Kroll shall be charged to the Wind-Down Trust.

3

9. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Application.

10. The Plan Administrator shall continue to act as Plan Administrator until its duties under the Wind-Down Trust Agreement have been fully discharged or its role as Plan Administrator is otherwise terminated under the Wind-Down Trust Agreement. The Plan Administrator shall be discharged and the Wind-Down Trust shall be terminated upon the filing of a certification with this Bankruptcy Court by the Plan Administrator that (a) all distributions have been made, and (b) all of the Plan Administrator's duties under the Plan have been completed.

11. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor, the Debtors' estates, or the Plan Administrator would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

12. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

White Plains, New York
Dated: March 26, 2024

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

4

**Exhibit 1**

**Chapter 11 Cases to Be Closed**

## Chapter 11 Cases to Be Closed

| DEBTOR | CASE NO. |
|---|---|
| KB US Holdings, Inc. | 20-22962 (SHL) |
| KB Holding, Inc. | 20-22963 (SHL) |
| AG Kings Holdings Inc. | 20-22964 (SHL) |
| AG Holdings II Inc. | 20-22965 (SHL) |
| Kings Super Markets, Inc. | 20-22966 (SHL) |
| Balducci's Holdings LLC | 20-22967 (SHL) |
| Balducci's Connecticut LLC | 20-22968 (SHL) |
| Balducci's Maryland LLC | 20-22969 (SHL) |
| Balducci's Virginia LLC | 20-22970 (SHL) |
| Balducci's New York LLC | 20-22961 (SHL) |